**124**

## UNITED STATES v. BANK OF ROCK-VILLE CENTRE TRUST CO. et al.
### No. 7214.

District Court, E. D. New York.
April 6, 1937.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel, for the United States.

Wood & Gehrig, of Hempstead, L. I., N. Y. (James N. Gehrig, Jeremiah Wood, and Ward Wilklow, all of Hempstead, L. I., N. Y., of counsel), for defendant Bank of Rockville Centre Trust Co.

Laughlin, Gerard, Bowers & Halpin, of New York City (Albert Falck, of New York City, of counsel), for Corn Exchange Safe Deposit Co.

Charles R. Weeks, of Mineola, L. I., N. Y. (John R. Niesley, of Mineola, L. I., N. Y., of counsel), for defendant Helen Phillips Haran.

L. J. Harvey, of Long Island City, N. Y., for defendant William B. Welsh.

Bondy & Schloss, of New York City (I. Russell Stein, Norman P. S. Schloss, and Adolph Sonnenthal, all of New York City, of counsel), for defendant Marian M. Cassidy.

ABRUZZO, District Judge.

The United States of America instituted this suit in equity to foreclose a lien for unpaid income taxes, penalties, and interest of one, John M. Phillips, deceased, upon certain jewelry contained in a safe deposit box of the defendant Corn Exchange Bank Safe Deposit Company (improperly named Corn Exchange Bank Trust Company in the bill of complaint).

The theory of the government's bill of complaint was that the jewelry was owned by John M. Phillips, deceased, at the time of his death and that it now forms part of his estate. The bill further contended that because Phillips died owing large sums for income taxes, penalties, and interest the government was entitled to a judgment which would decree that the jewelry did in fact belong to John M. Phillips, deceased, at the time of his death, and that the court should direct that it be sold and the proceeds applied to the payment of taxes which he owed.

On the trial of the action, the government adopted a new theory; to wit, that Phillips, during his lifetime and while insolvent, had transferred and given the jewelry either to his wife or to his daughter as a gift. The government sought to have this transfer set aside on the theory that they were a judgment creditor. The government elected to stand on this latter theory.

At the end of the trial, the government asked the court for leave to go back to its original cause of action as alleged in the bill of complaint and further requested the court to consider the matter on either aspect of the case. The court granted this motion and has considered the case on both theories as advanced by the government.

The Revenue Act of 1926, c. 27, 44 Stat. 9 and Revenue Act of 1928, c. 852, 45 Stat. 791 are cited by the government in support of its contention.

The government in support of its first theory proved that its judgment was filed on July 16, 1934, against the Bank of Rockville Centre Trust Company, administrator cum testamento annexo of the estate of John M. Phillips, deceased, in the sum of $2,412,455.41. The assessment against John M. Phillips was made in March, 1928, for approximately $1,370,000, this assessment being for taxes owed from 1917 to 1928, inclusive. As the gift of this jewelry was made in 1927, the indebtedness of the deceased at the time thereof would be somewhat less than $1,370,000. No claim was made that Phillips owed other debts at that time. Included in the judgment of July 16, 1934, is this amount of $1,370,000, plus penalties and interest. The government produced no other proof with reference to the transfer in 1927, excepting that it did file its lien against the jewelry while in was in a safe deposit vault in the Corn Exchange Bank Safe Deposit Company (improperly named Corn Exchange Bank Trust Company in the bill of complaint) on June 27, 1929. The jewelry was in the name of the defendant Helen Phillips Haran, the daughter of the deceased, and William B. Welsh, her general guardian. The government further established that no part of the judgment for taxes upon the estate had been paid, excepting a small amount.

The question to be determined first is whether the jewelry was the property of the deceased, John M. Phillips, at the time of his death; and secondly, if he had made a transfer of the said jewelry, whether it was in fraud of his creditor, the plaintiff. There is ample proof from which the court can make a determination that a transfer of this jewelry was made to either the wife, Marian M. Cassidy, or to the daughter, Helen Phillips Haran, in 1927. The government offered no proof to contradict this testimony. The government's contention that the jewelry was the property of John M. Phillips at the time of his death must therefore be overruled. It remains to consider the government's alternative theory.

In 1927, when the transfer was made, the uncontradicted and undisputed proof is that the deceased had been assessed less than $1,370,000 for taxes, which as will be seen was later reduced to judgment in 1934 for over $2,400,000. The court is assuming that in 1927 John M. Phillips, deceased, owed to the government almost $1,370,000 and that the government was a creditor of the deceased for that amount, even though it was not reduced to judgment at that time.

The government contended that in view of the fact that the judgment in 1934 could not be collected, there is a presumption that the transfer made in 1927 was fraudulent and made to defeat the claim of the government for taxes due. The government cites as its authority Ga Nun v. Palmer, 216 N.Y. 603, 111 N.E. 223, 226, which states as follows:

"* * * that a transfer without consideration by one who is then a debtor raises a presumption of fraud. The creditor may stand upon that presumption until it is repelled."

The plaintiff also gives as an authority the case of McDonald v. Dewey, 202 U.S. 510, 26 S.Ct. 731, 50 L.Ed. 1128, 6 Ann.Cas. 419.

However, contrary to the government's theory the facts indicate that the net income of the deceased, John M. Phillips, for the several years 1917 to 1928 was very large. He had control of a monopoly on a lock joint pipe enterprise that was immensely profitable. Apart from this, however, in the latter part of 1926 or the early part of 1927, he was possessed of and owned New York City bonds valued at $1,350,000. In that same period, the deceased was also the owner of and possessed of at least $200,000 in cash. A judgment obtained at that time may have uncovered other assets as there was some evidence that he was engaged in a real estate transaction in which he had made a deposit of a large sum of money. There was also proof that at the time of his death there was a great deal of material on hand in connection with his business, the value of which was not clearly disclosed, but which amounted to quite an amount. Needless to say, the plaintiff was in a better position to collect its assessment of taxes had it done so in 1927 rather than in 1934.

The facts are clear and uncontroverted that the deceased was solvent at the time the transfer was made. The presumption that the transfer was made in fraud of a creditor is overcome by the defendants' proof. Therefore, the court must necessarily find upon the evidence adduced at

the trial that the government's second theory of its cause of action is not sustained.

The point at issue remaining is the question of ownership as between the wife, Marian M. Cassidy, and the daughter, Helen Phillips Haran.

The daughter contends that a gift of this jewelry was made to her in 1927. She was then fifteen years of age. The jewelry was found in a safe deposit vault at the Ambassador Hotel in Atlantic City, N. J., by the son, Francis Phillips. He transported the jewelry to Long Island where he kept it for two or three years in a camera box, carrying it with him from place to place. The young man then turned it over to the daughter, Helen Phillips Haran, a defendant herein, who placed the jewelry in a safe deposit box in the Corn Exchange Bank Safe Deposit Company (improperly named Corn Exchange Bank Trust Company in the bill of complaint) where it was discovered by the government and its lien placed thereon. The daughter, Helen Phillips Haran, claimed that her father, John M. Phillips, deceased, purchased the jewelry for her so that she might be beautifully arrayed when she became older in order that she might more easily find a suitable husband. Francis Phillips and Helen Phillips Haran are the stepchildren of the defendant wife, Marian M. Cassidy, and their actions immediately following the death of their father, John M. Phillips, was to say the least highly suspicious. Having physical possession of the jewelry it would appear that the daughter, Helen Phillips Haran, has endeavored to find a way to keep them. Her witnesses attempted to prove that the deceased gave his daughter this jewelry as a gift. There is some testimony that this fifteen year old child was given the jewelry to play with at the safe deposit vault.

On the other hand, the wife, Marian M. Cassidy, contended that this jewelry had been given to her as a gift. She produced various witnesses who testified to facts indicating that the jewelry had been given to her, that she had been wearing it on many occasions and that it in fact belonged to her. There was further evidence that a great deal of jewelry of the same type in question had been purchased by the deceased for his wife during his lifetime. This was not disputed.

The deceased, John M. Phillips, had an apartment at the Ambassador Hotel in Atlantic City, N. J., where he had a vault which was accessible not only to him but to his wife and son. It is very possible, as contended by the wife, that the son, Francis Phillips, immediately upon the death of his father, went to the safe deposit vault and divested it of its entire contents. Phillips died at a time when his wife, Marian M. Cassidy, was in Brooklyn, and upon being notified Mrs. Cassidy hastened to Atlantic City.

No other jewelry was bought for the daughter and it seems improbable that the deceased would have purchased such elaborate jewelry for his fifteen year old child. Conversely, it is highly probable that it was purchased for a person of more mature years. The jewelry in dispute was in keeping with the type that the deceased had purchased for his wife on other occasions prior to his death. The witnesses for the wife, Marian M. Cassidy, were convincing and more worthy of belief than those of the daughter. All the probabilities, common sense, and logic were on the side of the wife and widow, Marian M. Cassidy. The court, therefore, finds that the jewelry was in fact transferred and given to the wife, the defendant Marian M. Cassidy, in 1927 and she is the sole person entitled to the possession thereof.

The wife was not made a party to the original cause of action but she sought leave to intervene in order to assert and maintain her right as owner and this relief was granted.

That the court has jurisdiction over the subject matter of this action was not disputed. This question comes within rule 23 of the rules of equity (28 U.S.C.A. following section 723) and is squarely passed upon in the case of Ames Realty Co. v. Big Indian Mining Co. (C.C.) 146 F. 166. The many other cases cited in the briefs are ample authority for the court's jurisdiction to entertain and give judgment upon the cross-claim involved.

In view of this decision, it is unnecessary to take up the question of the claim of the Bank of Rockville Centre Trust Company, as administrator cum testamento annexo of the estate of John M. Phillips, deceased, nor of the Corn Exchange Bank Safe Deposit Company (improperly named Corn Exchange Bank Trust Company in the bill of complaint) who was also made a defendant to this action.

Judgment should accordingly be entered in conformity with this decision, decreeing

that the defendant, Marian M. Cassidy, is the rightful owner of the jewelry which was placed and is now in the possession of the Marshal of the United States for the Eastern District of New York by order of this court.